T.C. Summary Opinion 2003-156


UNITED STATES TAX COURT


GREGORY PAUL IMBERGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14361-02S.          Filed October 21, 2003.


Gregory Paul Imberger, pro se.

<u>Paul K. Voelker</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $817 in petitioner's 2000 Federal income tax. This Court must decide whether petitioner has unreported income for 2000.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Henderson, Nevada, at the time he filed his petition.

During taxable year 2000, petitioner was employed as a pharmacy technician at Merck-Medco. Petitioner filed a 2000 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. Petitioner reported $14,774.75 on line 1 and $546 on line 3, for an adjusted gross income of $15,320.75. Petitioner attached to his 2000 tax return a Form W-2, Wage and Tax Statement, in the amount of $14,774.75, and a Form 1099-G, Certain Government Benefits, in the amount of $546.

Respondent received three Forms W-2G, Certain Gambling Winnings, for the year 2000, two from El Dorado Casino (El Dorado) in the amounts of $2,000, marked "poker", and $1,466, marked "slot", respectively, and one from Sunset Station Hotel & Casino (Sunset Station) in the amount of $2,000, marked "slots". From these Forms W-2G, respondent determined that petitioner had unreported gambling income of $5,466 for taxable year 2000.

Section 61(a) provides that gross income includes all income from whatever source derived unless excludable by a specific provision of the Code. No specific code section excludes

- 3 -

gambling winnings from gross income. Section 165(d) allows gambling losses, but only to the extent of gambling winnings. Petitioner did not claim any gambling losses. No question has been raised in this case with respect to the burden of production under section 6201(d) or the burden of proof under section 7491.

Petitioner contends that he did not win the $5,466 reported on the Forms W-2G. In his petition, petitioner asserts: "I do not gamble, therefore how could I win this money?" At trial, petitioner testified: "I gamble a little bit, like an occasional football game, you know, like the Super Bowl, so I can't say that I don't gamble, but not slots." Contrary to his testimony, petitioner opened a customer slot account at Sunset Station in 1999. At trial, petitioner admitted he was a member of the slot club at Sunset Station.

The assistant general manager at El Dorado testified that when a player wins $1,200 or more, a "slot floor" employee (employee) verifies the identity of the winner by obtaining a driver's license, State-issued identification, military identification, or passport. The employee visually verifies that the picture is that of the person before him. The employee fills out a Form W-2G. The casino shift manager reviews the information and approves the jackpot ticket for payment. El Dorado accepts a verbal Social Security number from a winner who presents other identification. El Dorado requires winners to

sign the Form W-2G in the presence of the employee who fills out the Form W-2G.

Sunset Station electronically copies the driver's license and Social Security card of winners. The information provided by a winner is recorded on a Form W-2G. Sunset Station also requires the winner to sign the Form W-2G at the time of payment.

Petitioner's name, address during the year in issue, and driver's license number are on the two Forms W-2G issued by El Dorado, dated June 11, 2000, and July 15, 2000, respectively. Petitioner's name, address during the year in issue, Social Security number, and driver's license number are on the Form W-2G issued by Sunset Station, dated July 22, 2000.

Petitioner contends that the signatures on all three Forms W-2G are not his and that he did not win the money in issue. Petitioner's testimony was not credible and is contradicted by the written evidence. Petitioner's name, address during the year in issue, and driver's license number appear on each Form W-2G. The signatures on all three Forms W-2G are virtually the same as the signatures on petitioner's 2000 tax return, driver's license, Social Security card, Tax Court petition, and stipulation of facts.

We observe that on the El Dorado Forms W-2G the second and third numbers of petitioner's Social Security number are transposed (i.e., 312, rather than 321, which is the correct

number sequence).  Neither petitioner nor respondent raised this transposition in petitioner's Social Security number, and we shall treat it as a transposition.

On this record, we conclude that the Forms W-2G issued by Sunset Station and El Dorado represent gambling income includable in petitioner's gross income for taxable year 2000.  We sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.